# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN E. CORN, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-209 |
| | ) | CR491-151 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted for possession of a firearm as a felon 1991, doc. 35[1] (plea agreement), John Corn, Jr., was sentenced to a total 270 months' imprisonment. *See* doc. 36 (judgment imposing 210 months' imprisonment on count one and 60 months' imprisonment on count two, to run consecutively, and 120 months' imprisonment on count three, to run concurrently to count one); doc. 44 (Sentencing Hearing transcript). His conviction was affirmed on appeal. Doc. 48. He filed his first motion to vacate his sentence in June of 1996 (doc. 49), and it was duly dismissed as untimely filed. Doc. 54 (Report and Recommendation (R&R)); doc. 56 (Order adopting R&R); *see also* doc. 69 (Order of the

---

[1] The Court is citing to the criminal docket in CR491-151 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Court of Appeals denying Corn's motions to proceed *in forma pauperis* and for a writ of mandamus determining his § 2255 motion to be frivolous).

Corn now moves under 28 U.S.C. § 2255[2] to correct his sentence to have his Career Offender designation reconsidered. He does not, however, offer even the slightest hint that he has sought the Eleventh Circuit's permission to do so. *See* doc. 93. Preliminary § 2255 Rule 4 review shows that his motion should be **DENIED**.

To file a second or successive § 2255 motion, Corn first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

---

[2] The Court has reconstrued Corn's motion, titled as a 28 U.S.C. § 2241 petition, as a § 2255 motion to correct his sentence. He does not challenge that his sentence is being properly executed (§ 2241 territory); rather, he challenges the propriety of the sentence itself, citing the Supreme Court's decisions in *Johnson* and *Beckles* to argue that he was improperly sentenced under the Sentencing Guidelines. Doc. 93 at 2-6 (arguing that he was sentenced as a Career Offender under the Mandatory Sentencing Guidelines, and that post-*Johnson* and *Beckles*, circuits outside of the Eleventh Circuit have issued opinions that would favorably impact his own sentence) (citing *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015) & *Beckles v. United States*, __ U.S. __, 2017 WL 855781 (Mar. 6, 2017)). This is a § 2255 motion. No *Castro* warning is necessary because this is a successive motion and the Court has no jurisdiction to consider it. *See Castro v. United States*, 540 U.S. 786, 790-91 (2003).

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Since this Court dismissed Corn's first § 2255 motion on the merits[3] and he has not sought authorization from the Eleventh Circuit to file a successive motion, there is no jurisdiction to consider this second petition. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that

---

[3]  Dismissal as time-barred is "on the merits," making any later motion challenging the same conviction successive and therefore requiring authorization by the Circuit panel prior to filing in the district court. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (collecting cases).

section's restrictions").[4] It follows that Corn cannot rely upon § 2255(h)(2) to permit his indisputably successive filing. His motion is therefore procedurally barred and must be **DISMISSED.**

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

---

[4] Further, no exception to the successiveness bar applies here. *See Stewart v. United States*, 646 F.3d 856, 861 (11th Cir. 2011) (describing a limited class of cases where the successiveness bar would not apply because "the basis for [the] claim did not exist" at the time of movant's initial § 2255 motion, such as a motion to vacate an enhanced sentence based upon a newly-vacated conviction).

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __17th__ day of November, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA